UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY LYNN BRADY,

    Plaintiff,

v.                                Case No.:  2:21-cv-763-SPC-MRM

MICHAEL WALSH, MATT SELLERS, and SCOTT NEWBURY,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants' Motion to Dismiss (Doc. 20). Plaintiff did not respond and was warned that if he did not do so, the Court would assume he does not oppose the relief requested and decide the motion as if it is unopposed. (Doc. 9).

Terry Lynn Brady—a prisoner proceeding *pro se*—alleges that Defendants (officers with the Fort Myers Police Department and U.S. Marshal Task Force) violated his civil rights by illegally searching his apartment while

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

executing an arrest warrant on July 1, 2014. The motion is granted to the extent this action is time-barred.

## BACKGROUND

These facts are from the complaint and exhibits (Doc. 1). On July 1, 2014, Defendants, armed with an arrest warrant, went to an apartment to arrest Brady for a probation violation. Defendants also suspected that Brady was involved in a recent homicide. During the arrest, Defendants conducted a protective sweep of the apartment and noticed evidence that could have been used in the homicide. That protective sweep is the basis for Brady's section 1983 claim. He alleges that his Fourth Amendment rights against unreasonable searches and seizures were violated when Defendants searched the apartment (sans search warrant) to find evidence of the homicide under the guise they were there to arrest him for a probation violation.

Defendants move to dismiss on several grounds: statute of limitations; no cause of action under *Heck v. Humphrey*, 512 U.S. 477 (1994); failure to allege compliance with conditions precedent; qualified immunity; and sovereign immunity. Because the statute of limitations is dispositive, the Court will not address the other grounds.

## LEGAL STANDARDS

*Pro se* pleadings are held to a less stringent standard, and the Court liberally construes them. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir.

2

2011). "This liberal construction, however, 'does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Hickman v. Hickman*, 563 F. App'x 742, 743 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). Typically, affirmative defenses do not support a motion to dismiss because a plaintiff does not have to negate an affirmative defense in his complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). But a complaint can be dismissed when the existence of an affirmative defense "clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). *See also La Grasta*, 358 F.3d at 845 ("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred") (cleaned up). "At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005).

Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188

3

(11th Cir. 1999), and in Florida the relevant statute runs for four years, Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). See Fla. Stat. § 95.11(3).

The statute of limitations "does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996). "To decide this issue, a court must first identify the injuries that the plaintiff allegedly suffered and then determine when the plaintiff could have sued for them." Id. at 562. A cause of action based on an illegal entry and search accrues when the plaintiff learns of the entry and search. Villalona v. Holiday Inn Express & Suites, 824 F. App'x 942, 946 (11th Cir. 2020). See also Hayward v. Lee Cnty Sheriff's Off., No. 2:14-cv-244-FtM-29MRM, 2017 WL 2834771, at *3 (M.D. Fla. June 30, 2017) (holding that the statute of limitations for an illegal search claim accrued on the date of the traffic stop and search).

A *pro se* prisoner's complaint alleging claims under section 1983 is considered filed on the date he delivers it to prison officials. Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993). Unless otherwise indicated, a pleading is presumed to have been delivered to prison officials on the date that the prisoner signed it. Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015).

4

We refer to state law for tolling rules. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). Florida Statute section 95.051(1) gives these circumstances for which tolling may be appropriate:

> (a)  Absence from the state of the person to be sued.
>
> (b)  Use by the person to be sued of a false name that is unknown to the person entitled to sue so that process cannot be served on the person to be sued.
>
> (c)  Concealment in the state of the person to be sued so that process cannot be served on him or her.
>
> (d)  The adjudicated incapacity, before the cause of action accrued, of the person entitled to sue. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.
>
> (e)  Voluntary payments by the alleged father of the child in paternity actions during the time of the payments.
>
> (f)  The payment of any part of the principal or interest of any obligation or liability founded on a written instrument.
>
> (g)  The pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action.
>
> (h)  The period of an intervening bankruptcy tolls the expiration period of a tax certificate under s. 197.482 and any proceeding or process under chapter 197.
>
> (i)  The minority or previously adjudicated incapacity of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist, has an interest adverse to the minor or incapacitated person, or is adjudicated to be incapacitated to sue; except with respect to the statute of limitations for a claim for medical malpractice as provided in s. 95.11. In any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action.

Fla. Stat. § 95.051.

## DISCUSSION

Brady's claims accrued on July 1, 2014. From the face of the complaint, it is apparent Brady knew of the illegal search when he was arrested and aware of the protective sweep. (Doc. 1 at 5, 12) (verifying the date of the search and describing the incident). Brady then needed to have delivered the complaint to prison officials by July 1, 2018, but he did not. According to the Declaration and Certificate of Service on his complaint form, Doc. 1 at 16, Brady signed and delivered his complaint to prison officials on October 9, 2018,[2]—confirmed by a stamp from Taylor Correctional Institution with the same date—which is three months late. Nothing else on the face of the complaint allows the Court to liberally construe an earlier date of delivery. And Brady does not argue for any tolling, nor does the record show that any tolling circumstances apply. Because the time began to run when the search occurred and because the date of delivery was three months late, Brady's action is time-barred.

Finally, the Court determines that a more carefully drafted complaint could not state a claim. Typically, a party is given a chance to amend the complaint before it is dismissed. *See, e.g.*, *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Such an opportunity is unnecessary when an

---

[2] The Court doesn't know why Brady signed and delivered the complaint in 2018, but it was not filed with the Court until 2021. In any event, the Court has liberally construed the record in Brady's favor and uses the earliest possible date for delivery on the face of the Complaint. Using that date, the claims are still time-barred.

amendment would be futile. *Id.* Because it is impossible for Brady to plead satisfaction of the statute of limitations, it would be futile to allow him to amend his complaint. The claim is dismissed with prejudice. *See Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1363 (S.D. Fla. 2016) (dismissing with prejudice a time-barred claim because plaintiff could not cure the defect); *Salley v. Goldston*, 727 F. App'x 981, 985 (11th Cir. 2018) (affirming dismissal of a time-barred *pro se* claim without leave to amend). *See also Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

Accordingly, it is now **ORDERED:**

(1) Defendants' Motion to Dismiss (Doc. 20) is **GRANTED in part** to the extent the complaint (Doc. 1) is **DISMISSED WITH PREJUDICE** as time-barred.

(2) The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record